Wyrick, J., concurring:
*706 ¶ 1 The dispositive issue in this case was decided when Barnes failed to appeal the Order of the Workers' Compensation Court of Existing Claims (WCC) declaring that he was not Lind's employer. Under the governing version of workers' compensation law, only "the employer and any of his employees" benefit from the exclusive remedy.[1] Barnes could not qualify as an employee under the statute;[2] thus, the exclusive remedy would not bar this proceeding unless Barnes was Lind's employer. When the WCC's Order on that issue became final, Barnes's ability to invoke the exclusive remedy as a bar was dead.
¶ 2 I write separately to dispel the notion that the result in this case would be any different if brought under the Administrative Workers' Compensation Act (AWCA), 85A O.S.Supp.2017 §§ 1 - 125. The Court explains that new language in the AWCA's exclusive remedy provision, see id. § 5, purports to "grant immunity from suit where it did not previously exist," in situations like this one where "stockholders of an employer corporation [are] sued for allegedly independent tortious conduct."[3] The Court notes, however, that our interpretation of that provision in Odom v.Penske Truck Leasing Co. , 2018 OK 23, 415 P.3d 521, limits that immunity to only situations in which the stockholder was "acting in the role of the employer."[4] Accordingly, Barnes's status as stockholder-by itself-is insufficient regardless of which law applies. Under either law, Barnes must first qualify as Lind's employer before he can enjoy the benefits of the exclusive remedy.
¶ 3 The difference between the old law and the AWCA only becomes relevant after a stockholder like Barnes demonstrates that he or she was acting in the capacity of employer. Under the old law, the stockholder/employer might still be subject to suit pursuant to the dual-capacity doctrine.[5] In a case like this one, for example, it would be up to the court to determine whether Barnes's duty as an employer to provide a safe work environment could be logically separated from his duty as a landowner to remove or warn about hidden dangers.[6] If the two duties are logically separable, the suit may proceed; if, however, the duties are "so inextricably wound" that they cannot be separated, the suit may not.[7] Under the AWCA, on the other hand, if a stockholder demonstrates that he or she qualifies as an employer, the inquiry is over. The AWCA abrogates the dual-capacity doctrine such that no suit may proceed against a person deemed to be an employer "regardless of the multiple roles, capacities, or personas the employer may be *707 deemed to have."[8] It is this language that extends immunity where it had not previously existed, not the fact that 85A O.S.Supp.2017 § 5 now includes the word "stockholder."
¶ 4 Make no mistake; a stockholder can qualify as an employer under the prior law and thus can benefit from the exclusive remedy. Barnes cannot here, however, because he has already lost on the issue.
WINCHESTER, J., with whom Reif, J., joins, dissenting:
¶ 1 I respectfully dissent. I would have followed the holding and rationale found in the opinion of the Court of Civil Appeals, which affirmed the decision of the district court.
¶ 2 Mr. Barnes is the sole shareholder of Barnes Tag Agency and he individually owns rental property. He purchased workers' compensation insurance through Barnes Tag Agency to cover his employees. He hired the decedent through Barnes Tag Agency as an employee to perform maintenance work both at the office of the tag agency and on the rental properties owned by Barnes. Therefore, all of the maintenance work in any of those locations was in the course and scope of his employment. While carrying out the work as a part of his employment he was fatally injured.
¶ 3 As expected, the decedent's family received death benefits pursuant to the workers' compensation insurance paid by Mr. Barnes and Barnes Tag Agency. The estate of the employee now also seeks to recover from Barnes individually.
¶ 4 The district court, the Court of Civil Appeals and the majority's opinion all agree that the workers' compensation award was proper. The employee was in the course and scope of his employment. Nevertheless, the majority appears to conclude that because the employee was not on the Barnes Tag Agency property, the estate of the employee may properly sue Barnes individually since the employee was on a different property. What if the employee had been fatally injured on the tag agency property? Would this Court still allow the plaintiff to bring a negligence action against the sole stockholder of the corporation? If not, this distinction between "on the Barnes Tag Agency property" and "off the Barnes Tag Agency property" is not "clear" even though the majority concludes the owner of the corporation may be liable because he and the corporation are separate persons. A new ambiguity is created.
¶ 5 "[If] the circumstances are such that a president and sole stockholder of a corporation would be immune to suit by an employee, he or she does not lose that immunity by also being the owner of the land." This quotation from Larson's Workers' Compensation Law § 113.02 reflects a logical rationale for finding that the plaintiff/appellant cannot collect death benefits from Workers' Compensation and separately sue the sole stockholder of Barnes Tag Agency.
¶ 6 The sole stockholder of a corporation, which is an entity used to protect the personal property of the stockholders, can now be sued because he has a corporation. If he did not have a corporation, then workers' compensation would fully cover him. The employee was hired to do maintenance work in both locations. Under this Court's majority opinion, Mr. Barnes has no personal protection from either his corporation, or from his workers' compensation insurance.

85 O.S.Supp.2009 § 12.

Id. § 3(9); Majority Op. ¶ 13, 418 P.3d at 705.

Majority Op. ¶ 24.

Id. (citing Odom , 2018 OK 23, ¶¶ 37-39, 415 P.3d at 532-33 ).

See generally Weber v. Armco, Inc. , 1983 OK 53, ¶ 5, 663 P.2d 1221, 1225 ("According to the dual-capacity doctrine, an employer who is generally immune from tort liability may become liable to his employee as a third-party tortfeasor; if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on his as an employer."), superseded by statute , 85A O.S.Supp.2013 § 5(A), as recognized in Odom , 2018 OK 23, ¶ 38, 415 P.3d at 532.

See id. ¶ 7, 663 P.2d at 1226 (defining in general terms the employer's duty); Scott v. Archon Grp., L.P. , 2008 OK 45, ¶ 19, 191 P.3d 1207, 1211-12 (defining the landowner's duty to an invitee).

Weber , 1983 OK 53, ¶ 7, 663 P.2d at 1226.

85A O.S.Supp.2017 § 5 ; see also Odom , 2018 OK 23, ¶¶ 13-15, 38-39, 415 P.3d at 527-28, 532-39 (recognizing that the AWCA abrogates the dual-capacity doctrine).